# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 14cr0090 JM |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO REDUCE SENTENCE |
| v. | |
| EDWARD EUGENE SMEDLEY, | |
| Defendant. | |

Defendant Edward Eugene Smedley moves for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"). (ECF 38). Amendment 782 modified the Drug Quantity Table in USSG § 2D1.1, which provides the base offense levels for different quantities of various controlled substances. Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels.

Defendant pled guilty to Importation of Heroin (9.5 kilograms), Cocaine (8.75 kilograms) and Methamphetamine (4.95 kilograms mixture), in violation of 21 U.S.C. §§952 and 960 and 18 U.S.C. §2). The base offense level was 36 and, after adjusting the offense level +2 for importation and -3 for acceptance of responsibility, the court determined the sentencing range to be 210 to 262 months, based on a criminal history category of III and adjusted offense level of 35. The court then departed -4 for fast track and an additional -6 level departure under § 5K2.0. Defendant received a 70-month sentence.

Under the amended guidelines, Defendant's base offense level would be a level 34 with an adjusted offense level of 33. The amended sentencing guideline range is 168 to 210 months.

In <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691 (2010), the Supreme Court explained the limited nature of § 3582(c)(2) proceedings and the process for ruling on motions to reduce sentences under that section.

> Consistent with the limited nature of §3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U. S. C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does §1B1.10 authorize a court proceeding under §3582(c)(2) to impose a term "comparably" below the amended range. §1B1.10(b)(2)(B).

The Supreme Court required district courts to follow a two-step process in ruling on motions under § 3582(c)(2). The Supreme Court cautioned that "[f]ollowing this two-step approach, a district court proceeding under §3582(c)(2) does not impose a new sentence in the usual sense." <u>Id.</u>

Here, as the amended guideline range is 168 to 210 months, significantly higher than the actual sentence imposed (70 months), Defendant does not qualify for a further reduction under 18 U.S.C. §3582(c)(2) and Amendment 782. Accordingly, the motion is denied.

In sum, the motion for reduction of sentence is denied. (ECF 38).

**IT IS SO ORDERED.**

DATED: October 26, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties